# FILED UNDER SEAL

Case 2:11-cr-00036-JCM-PAL   Document 72   Filed 01/06/23   Page 1 of 6

Prob12C
D/NV Form
Rev. March 2017

# United States District Court
## for
## the District of Nevada

**PETITION FOR WARRANT**
**FOR OFFENDER UNDER SUPERVISION**

Name of Offender: **Robert Qwan Smith**

Case Number: **2:11CR00036**

Name of Sentencing Judicial Officer: **Honorable Philip M. Pro**

Date of Original Sentence: **June 25, 2012**

Original Offense: **Felon in Possession of a Firearm and Use or Possession of a Firearm in Relation to any Crime of Violence or Drug Trafficking Crime.**

Original Sentence: **137 Months prison, followed by 60 Months TSR.**

Date Supervision Commenced: **August 27, 2021**

Name of Assigned Judicial Officer: **Honorable James C. Mahan**

**PETITIONING THE COURT**

☒ To issue a warrant.

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Do Not Unlawfully Use Controlled Substance** - You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

   On December 5, 2022, Smith reported to the United States Probation Office and submitted a drug test that yielded a positive result for marijuana. Smith admitted in writing to the use of marijuana.

RE: Robert Qwan Smith

Prob12C
D/NV Form
Rev. March 2017

2. **Live At Approved Place** - You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

   On December 30, 2022, the undersigned officer attempted to make contact with Smith at his reported residence, but it was discovered that he does not live there. Smith failed to update the undersigned officer with a new address.

3. **Substance Abuse Treatment** – You must participate in an inpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). Choose how client must pay.

   On December 3, 2022, Smith was discharged as noncompliant from Westcare Inpatient Substance Abuse treatment.

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

☒ Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **January 4, 2023**

Brianna King    Digitally signed by Brianna King
                Date: 2023.01.04 16:04:15 -08'00'

Brianna King
United States Probation Officer

RE: Robert Qwan Smith

Prob12C
D/NV Form
Rev. March 2017

Approved:

_____  Digitally signed by Brian Blevin
Brian Blevins                 Date: 2023.01.04 15:54:32 -08'00'
Supervisory United States Probation Officer

## THE COURT ORDERS

☐ No Action.
☒ The issuance of a warrant.
☐ The issuance of a summons.
☐ Other:

_____
Signature of Judicial Officer

January 6, 2023
_____
Date

RE: Robert Qwan Smith

Prob12C
D/NV Form
Rev. March 2017

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. ROBERT QWAN SMITH, 2:11CR00036

### SUMMARY IN SUPPORT OF PETITION FOR WARRANT
January 4, 2023

On June 25, 2012, Smith was sentenced to 137 months custody, followed by five years of supervised release for the offenses of Felon in Possession of a Firearm and Use or Possession of a Firearm in Relation to Any Crime of Violence or Drug Trafficking Crime. Supervised release commenced on August 27, 2021.

On October 19, 2022, Smith appeared before Your Honor at a revocation hearing for the violations of Substance Abuse Treatment, Mental Health Treatment, Submit Monthly Report, Report Change of Residence, and Refrain from Unlawful Use of a Controlled Substance. Through a joint recommendation, the Court ordered that Smith participate in Inpatient Substance Abuse Treatment followed by 90 days of placement in the Residential Reentry Center (RRC). Smith entered the Inpatient Substance Abuse Program on or about November 1, 2022.

On December 1, 2022, the undersigned officer was notified by staff at the inpatient treatment center that Smith was masturbating in front of a female staff member who did not consent to this incident. Smith provided a written and signed statement which stated "She was working in the medical room, while I was seated in the office. I acted on a very stupid impulse and started masturbating". Subsequent to this incident, Smith was discharged as noncompliant from inpatient treatment on December 3, 2022.

On December 5, 2022, Smith reported to the probation office and was interviewed by the undersigned officer. During the interview, Smith advised that the truth of the story was that as the female staff member was performing oral sex on him, she noticed that someone saw them through a nearby window and she panicked. Smith advised he made up the story about masturbating in front of her so she could avoid any possible negative consequences. He advised he does not want to get her into trouble, "but this is the truth about what happened." Smith provided another written and signed statement stating that he initially lied about masturbating in front of her and confessed that he was in fact receiving consensual oral sex. Following this conversation, Smith submitted a drug test that yielded a positive result for marijuana and admitted in writing to the use of marijuana over the weekend.

On January 3, 2023, the undersigned officer was notified that Smith's claim of receiving oral sex from treatment staff was unsubstantiated and the investigation was closed. The inpatient staff member has chosen not to press charges.

Following his discharge, the undersigned officer attempted to secure a bed for Smith at the RRC per the Courts Order. Unfortunately, the RRC was unwilling to allow Smith to reside there due to prior violations he had in the facility. Smith was directed to reside with his brother, whose address was previously approved.

RE: Robert Qwan Smith

Prob12C
D/NV Form
Rev. March 2017

On December 30, 2022, the undersigned officer attempted to make contact with Smith at his reported residence, but it was discovered that he does not live there. The undersigned officer contacted Smith who advised he moved in with his father and provided the address. The undersigned officer reminded Smith that moving without permission is a violation.

Smith has been afforded numerous opportunities from the probation office to change his life in a positive way. Smith has not only squandered these opportunities but has utilized them to violate a treatment staff member sexually. This is a considerable escalation in criminal behavior; therefore, Smith is considered a danger to the community. Additionally, Smith previously absconded from supervision and recently moved without permission making him a risk of flight as well.

It is respectfully recommended a warrant be issued to secure his appearance at his revocation hearing and to aid in the safety of the community.

Respectfully submitted,

Brianna King
Digitally signed by Brianna King
Date: 2023.01.04 16:04:50 -08'00'

Brianna King
United States Probation Officer

Approved:

Digitally signed by Brian Blevin
Date: 2023.01.04 15:55:31 -08'00'

Brian Blevins
Supervisory United States Probation Officer